UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARKING WORLD WIDE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-01373-MTS |
| CITY OF CLAYTON, MISSOURI | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant City of Clayton, Missouri's Motion to Dismiss. Doc. [9]. After a full review of Plaintiff's Complaint and the parties' briefing on the Motion, the Court will grant the Motion and dismiss this action.

**I.    Background**

Plaintiff Parking World Wide, LLC, is the assignee of U.S. Patent 10,438,421 (the "Patent"). The Patent's "patented method is a parking status system that overlays images of a street, a lot, or a garage with representations of parked vehicles the status of any parking space shown in the image and uses same for enforcement of parking laws." Doc. [1] ¶ 5. Claim 1 of the Patent includes, among other things, assembling a database upon a computer of parking spaces including their geographic locations and updating a database upon a computer of subscribers. *Id.* ¶ 7. Claim 5 of the Patent includes, among other things, assembling a database upon a computer server of parking spaces including their geographic locations and updating a database upon a computer of subscribers. *Id.* ¶ 8.

Plaintiff filed this action alleging that Defendant, the City of Clayton, Missouri, infringed on Claims 1 and 5 of the Patent "by using demand responsive pricing and parking

control software with a database of metered parking spaces that copies Plaintiff's patented method." *Id.* ¶ 10. Plaintiff requests the Court issue a judgment finding that Defendant infringed on the Patent and be enjoined from continuing the infringement, or in the alternative, pay royalties to Plaintiff, and be awarded attorneys' fees and costs.

In response to Plaintiff's Complaint, Defendant filed the instant Motion to Dismiss. In its Motion, Defendant argues that Plaintiff failed to state a claim upon which relief can be granted such that the Court should dismiss the action. In addition, Defendant asserts that dismissal is appropriate because the Patent is invalid under 35 U.S.C. § 101, and therefore unenforceable, because it is directed to an unpatentable abstract idea.

**II.     Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party, but the Court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019); *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Specifically, the complaint "must allege more than '[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility of a complaint turns on whether the facts alleged allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lustgraaf*, 619 F.3d at 873 (quoting *Iqbal*, 556 U.S. at 678). "*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *accord Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) ("Under *Iqbal/Twombly*, allegations that are 'merely consistent with' infringement are insufficient.").

**III.   Facts**

    a.   The Patent[*]

The parking status system of the Patent generally operates on a portable electronic device, such as a tablet, typically used by a parking control officer ("the officer"). Patent at 13:28–49, Fig. 6. The parking status system displays a live visual image of the actual street scene in front of the device. *Id.* at 7:45–8:8, Fig. 1. The device ascertains its position using fixes from GPS system G and its orientation using an onboard gyroscope and compass, and

---

[*] This section was taken from the Memorandum and Order of the Court in *Parking World Wide, LLC v. City of St. Louis*, 4:22-cv-1252-JAR, 2024 WL 1177989, at *2–3 (E.D. Mo. Mar. 19, 2024), which involved this same Patent.

3

communicates both, via wireless telecommunications network C and Internet I, to parking authority servers S. *Id.* at 14:7–10. The system then obtains the payment status (paid or unpaid) of parking spaces appearing in the image from server S or, alternatively, from the meters themselves (so-called "smart meters"), or from a sensor embedded in the street surface of the parking space that detects the presence or absence of a vehicle over it. *Id.* at 8:29–40, 11:17–19. The officer retrieves the merged image with the vehicles parking in select spaces through this wireless communications network from the parking management computer system. *Id.* at pg. 1. The meters' payment status is visually displayed on the meters appearing in the image viewed on the device; for example, a green flag may appear over a parking space that has been paid for, and a red flag may appear over an unpaid parking space. *Id.* at 11:63–12:6. Displayed payment-status markers allow the officer to readily determine if vehicles near the officer are improperly parked in an unpaid space. *Id.* at 9:25–32. The officer views the visual image on the portable electronic device to identify unpaid parking spaces and verifies at the actual scene to find vehicles in the unpaid parking spaces. *Id.* The officer is also able to select any view within 360 degrees of the officer's position in different sizes and while in motion, refresh the status of parking spaces and subscriber vehicles at a regular interval, and the method transforms a parking space, payment, and subscriber data into the parking space's status shown in real time to the officer. *Id.* at pg. 1. The officer then proceeds with enforcement measures against the vehicles in unpaid spaces, such as writing parking tickets or deploying a boot. *Id.* at 9:25-32.

The operation of the parking status system's communication channels and devices of the Patent is depicted in the following image, identified as Figure 6:

4



*Id.* at 7:18–20, 13:28, Fig. 6.

In simpler terms, the claimed methods include the following steps: (1) assembling a database of parking spaces, (2) updating a database of parking subscribers, (3) determining the location of the electronic device officer and surrounding parking spaces, (4) determining the parking space payment status of the parking spaces within view of the electronic device officer, (5) displaying on the screen of the electronic device the parking space status (i.e., "paid" or "unpaid"), and (6) wherein the officer may execute enforcement measures. *Id.* at 17:33-20:18. Although Claims 1 and 5 are independent, the Claims are virtually identical except the database of parking spaces is assembled on "a computer server" in Claim 5, and "a computer" in Claim 1. *Id.* at 17:33-20:18.

      b.  City of Clayton's Parking Website

Defendant maintains a "parking website" that "reflects" various things. Doc. [1] ¶ 10(a). It "reflects" a "downtown hourly parking guide map" and a "way to pay for parking"

5

"with your mobile phone." *Id.* ¶¶ 10(a)–(c).  The parking website further "reflects 'paying parking tickets'" and "reflects 'parking tickets.'" *Id.* ¶¶ 10(d)–(f).

**IV.    Discussion**

Section 271(a) of Title 35 of the United States Code provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  To prove infringement, a plaintiff must "prove the presence of each and every [patent] claim element or its equivalent in the accused method or device." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011).  But, of course, "a plaintiff need not prove its case at the pleading stage." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation and citation omitted).  Although at this stage plaintiff is not required to plead infringement on an element-by-element basis, there must be some factual allegations under the *Twombly*/*Iqbal* standard that, when taken as true, articulate why it is plausible that the accused activity infringes the patent claim. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021).  Plaintiff's Complaint fails to do that.

Plaintiff's Complaint asserts that Defendant's parking website "copies Plaintiff's patented method," but the only facts it offers in support are generic statements it says are made on Defendant's website.  Doc. [1] ¶ 10.  The Complaint then matches the statements from the parking website with various non sequiturs that, the Complaint claims, suggest things.  For example, the fact that "the Website reflects 'parking tickets' . . . suggests that a list/compilation of unpaid spaces is sent to law enforcement" and that a "law enforcement official has a list of spaces and images of said spaces on an electronic device." *Id.* ¶ 10(e), (f).  If how the statement

6

"parking tickets" on a website "suggests" those things is clear to Plaintiff, it has not made it clear to Defendant or the Court.  What is more, even if those statements do *suggest* what Plaintiff says they do, they do not establish that Defendant's parking system practices the core of Plaintiff's claimed method, which is placing indicia of unpaid on an image of a matched parking space upon the real time camera view on the screen of a user's device for enforcement.

"[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.* at 1353; *accord JG Techs., LLC v. United States*, 156 Fed. Cl. 691, 712 (2021) ("Merely describing the function of the patent and alleging that Defendant is using a device that performs identical functions is insufficient.").  As Judge Ross recently found in this Plaintiff's patent infringement action against the City of St. Louis's parking webpage, the Complaint here "fails to draw any reasonable inference that Defendant is responsible for the misconduct alleged." *World Wide, LLC v. City of St. Louis*, 4:22-cv-1252-JAR, 2024 WL 1177989, at *5 (E.D. Mo. Mar. 19, 2024).  "Plaintiff's conclusory assertions of infringement are not supported by any factual allegations, and Defendant's Motion is well-taken." *Id.*

Defendant also argues that even if Plaintiff pleaded plausible allegations of infringement, the Patent is invalid as a matter of law because the Claims assert the abstract idea of using location and payment status implemented on generic and conventional components and arrangements that fail the 35 U.S.C. § 101 validity test set forth in *Alice Corp. v. CLS Bank International*, 573 U.S. 208, 216 (2014).  Because the Court has found dismissal for failure to state a claim pursuant to Rule 12(b)(6) is appropriate, the Court declines to reach this issue.

## CONCLUSION

The Court concludes that Plaintiff's Complaint stops short of the line between possibility and plausibility of entitlement to relief. For that reason, the Court will grant Defendant's Motion to Dismiss and will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [9], is **GRANTED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of March 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE